IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT CALLOWAY,                                        CV. 08-544-MA

               Petitioner,                    OPINION AND ORDER

   v.

J.E. THOMAS, Warden, FCI
Sheridan,

             Respondent.

STEPHEN R. SADY
Chief Deputy Federal Defender
101 S.W. Main Street, Suite 1700
Portland, OR 97204

    Attorney for Petitioner

KARIN IMMERGUT
United States Attorney
District of Oregon
SUZANNE A. BRATIS
Assistant United States Attorney
United States Attorney's Office
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902

    Attorneys for Respondent

MARSH, Judge

    Petitioner, an inmate at FCI Sheridan, brings this habeas

corpus proceeding pursuant to 28 U.S.C. § 2241, challenging the

Bureau of Prisons' (BOP) refusal to consider him for placement

into a residential reentry center.  For the reasons that follow, petitioner's petition for writ of habeas corpus is DENIED, and this proceeding is DISMISSED.

**BACKGROUND**

I.   **Factual Background.**

On April 25, 2006, petitioner was sentenced to a 70-month term of imprisonment, to be followed by a three year term of supervised release.  Petitioner's projected good time release date is September 2, 2011.

Petitioner initially was designated to Taft Correctional Institution (CI Taft).  (Response to Amended Petition (#35), Declaration of Lisa Austin, Exh. 1.)  On September 19, 2007, CI Taft staff requested that petitioner be transferred due to his "insulin dependent diabetes, which makes him a target for Valley Fever Disease."  (Id., Declaration of Roy N. Troutman, Exh. 2.) On October 4, 2007, petitioner was transferred to FCI Sheridan.

On April 22, 2008, petitioner filed a petition for writ of habeas corpus *pro se*.  In that petition, petitioner asserts that his unit team continually refuses to discuss his placement into a residential reentry center (RRC),[1] in violation of 18 U.S.C.

---

[1]The BOP refers to community correctional facilities as halfway houses, residential reentry centers, and community correction centers.  This opinion will refer to them as RRCs for consistency.  See Rodriguez v. Smith, 541 F.3d 1180, 1181 n.1 (9th Cir. 2008).

§ 3621(b), due to the length of time he has remaining on his sentence, as reflected in his "semi-annual Program Review Report."

With the assistance of counsel, petitioner now has shifted the focus of his claims.  In an amended petition filed February 27, 2009, petitioner asserts that a variety of BOP "rules" for determining when an inmate will be designated for placement in an RRC are invalid.  According to petitioner, whether the rules are considered separately or together, they are invalid procedurally under the Administrative Procedure Act (APA), 5 U.S.C. §§ 553, 706.  Petitioner also asserts the rules are substantively invalid, as they conflict with the express language of 18 U.S.C. §§ 3624(c) and 3621(b), and thus are not entitled to deference under Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842-43 (1984).  Petitioner seeks to have the rules declared invalid and requests immediate placement in an RRC.

In his amended petition, petitioner also appears to be contending that his request for a transfer to an RRC was denied improperly because respondent categorically refuses to consider inmate requests for RRC placement until inmates are within one year of their release dates, contrary to 18 U.S.C. § 3621(b). (Amended Petition, (#20), ¶ 3.3.)

## II.  **Statutory Background.**

Congress has delegated inmate placement authority to the BOP in two statutes:  18 U.S.C. §§ 3621(b) and 3624(c).  Under § 3621(b), the BOP has been delegated broad discretionary authority to determine the proper placement of inmates at the start of an inmate's prison term.  E.g., Rodriquez v. Smith, 541 F.3d 1180, 1182 (9th Cir. 2008).  Placement designations require consideration of the five factors set forth in § 3621(b):

> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence-
> > (A) concerning the purpose for which the sentence to imprisonment was determined to be warranted; or
> > (B) recommending a type of penal or correctional facility as appropriate; and
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.  18 U.S.C. § 3621(b).

When considering the transfer of an inmate during the course of his imprisonment, the BOP must consider these same five factors. 18 U.S.C. § 3621(b); Levine v. Apker, 455 F.3d 71, 85 (2d Cir. 2006); Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 247 (3d Cir. 2005).

Under § 3624(c), the BOP is required to evaluate an inmate for RRC placement near the end of inmate's sentence.  The Second Chance Act, Pub. Law 110-199, §231, 122 Stat. 657 (April 9, 2008)(SCA), amended § 3624(c), increasing an inmate's RRC

eligibility from six months to twelve.  That statute now

provides:

> (1) In general.– The Director of the Bureau of Prisons
> shall, to the extent practicable, ensure that a
> prisoner serving a term of imprisonment spends a
> portion of the final months of that term (not to exceed
> 12 months), under conditions that will afford that
> prisoner a reasonable opportunity to adjust to and
> prepare for the reentry of that prisoner into the
> community.  Such conditions may include a community
> correctional facility.

The BOP's rules implementing the SCA are central to petitioner's

claims.

### III.  **The BOP "Rules" and Program Statement.**

The rules challenged by petitioner in the amended petition

include:  an April 14, 2008 Memorandum, October 2008 regulations

(28 C.F.R. §§ 570.20-22), a November 14, 2008 Memorandum, and

Program Statement 7310.04.

The April 14, 2008 guidance memorandum details changes

required by the SCA, including providing an RRC assessment 17 to

19 months prior to release, instead of the previous time frame of

11 to 13 months.  The April 14 Memorandum also requires an

individualized assessment of the five factors of § 3621(b).  The

memorandum instructs staff that all inmates are eligible for a

maximum of twelve months RRC time, but that placements for longer

than six months require approval from the Regional Director.

The April 14 Memorandum references Program Statement

7310.04, which provides that RRC placements for longer than 180

days are highly unusual, with extraordinary justification, and require approval from the Regional Director.

The October 2008 regulations define community confinement and provide that inmates may be designated to RRCs near the end of their sentences for up to 12 months.  28 C.F.R. §§ 570.20-22 (2008). The regulations also provide that designations will be determined according to § 3621(b) and will be of sufficient duration to "provide the greatest likelihood of successful reintegration into the community."

The November 14, 2008, guidance memorandum to staff relates to inmate requests for transfers to RRCs when they have *more* than twelve months remaining on their sentences.  The November 14 Memorandum provides that all requests must receive individualized consideration under § 3621(b) at the inmate's next scheduled Program Review.  The November 14 Memorandum also requires unusual or compelling circumstances and approval from the Regional Director for RRC placements beyond six months.

**DISCUSSION**

I.   **This Court has Jurisdiction to Consider Petitioner's Claims under 28 U.S.C. § 2241.**

By way of two "Notices of Supplemental Authority," respondent appears to contend that this court lacks jurisdiction to hear petitioner's claims because he is not challenging the "fact or duration" of his sentence.  I disagree.  Because petitioner is challenging the "manner, location, or conditions of a sentence's execution," his claims are properly before this

6 - OPINION AND ORDER

court pursuant to § 2241. <u>Rodriguez</u>, 541 F.3d at 1181
(addressing habeas corpus claims brought pursuant to § 2241 in
which inmate sought immediate placement in an RRC); <u>Hernandez v.
Campbell</u>, 204 F.3d 861, 864 (9th Cir. 2000)(challenges to the
manner, location, or conditions of confinement must be brought
pursuant to § 2241); <u>see also</u> <u>Levine</u>, 455 F.3d at 77-78
(determining that § 2241 habeas petition was the proper vehicle
to challenge confinement in a federal prison versus an RRC);
<u>Woodall</u>, 432 F.3d at 241-44 (same).

**II.  <u>Petitioner's Claims under § 3624(c) are Not Ripe for
      Adjudication, but His § 3621(b) Claim is Ripe.</u>**

        Respondent moves the court to deny petitioner's habeas
petition because the BOP conducts its § 3624(c) review 17-19
months before an inmate's release date, and petitioner's release
date is not until September 2, 2011.  Thus, respondent submits,
none of the rules about which petitioner complains have been
applied to him and he has not suffered an injury under them.  For
the reasons set forth below, I agree that petitioner's claims
under § 3624(c) are not ripe for review.  However, I further
conclude that petitioner's claim under § 3621(b) is properly
before the court.

        **A.  Standards.**

        Article III of the United States Constitution limits the
federal courts to deciding "cases" and "controversies."  U.S.
Const. art. III, § 2; <u>Allen v. Wright</u>, 468 U.S. 737, 750 (1984).
To meet this requirement, courts must consider the interrelated

doctrines of standing and ripeness.  See Allen, 468 U.S. at 750;
Bova v. City of Medford, 564 F.3d 1093, 1095-96 (9th Cir. 2009).

To establish standing, the petitioner must allege a
"personal injury fairly traceable to the defendant's allegedly
unlawful conduct and likely to be redressed by the requested
relief."  Allen, 468 U.S. at 751.  Petitioner must demonstrate
that he has suffered an injury in fact, "an invasion of a legally
protected interest which is (a) concrete and particularized, and
(b) actual or imminent, not conjectural or hypothetical."  Lujan
v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)(internal
citations omitted); Coalition of Clergy, Lawyers, & Professors v.
Bush, 310 F.3d 1153, 1157 (9th Cir. 2002), cert. denied, 538 U.S.
1031 (2003).

"'While standing is primarily concerned with *who* is a proper
party to litigate a particular matter, ripeness addresses *when*
litigation may occur.'"  Bova, 564 F.3d at 1096, quoting Lee v.
Oregon, 107 F.3d 1382, 1387 (9th Cir. 1997), cert. denied, 522
U.S. 927 (1997).  To meet the ripeness standard, petitioner must
demonstrate a specific present harm, or the threat of specific
future harm.  Laird v. Tatum, 408 U.S. 1, 14 (1972).  A claim is
not ripe for adjudication if it rests upon some contingent future
event.  Texas v. United States, 523 U.S. 296, 300 (1998); Bova,
564 F.3d at 1093.  The ripeness doctrine seeks "to prevent the
courts, through avoidance of premature adjudication, from
entangling themselves in abstract disagreements over

administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." <u>Abbott Labs. v. Gardner</u>, 387 U.S. 136, 148-49 (1967), <u>overruled on other grounds</u>, <u>Califano v. Sanders</u>, 430 U.S. 99 (1972).  In evaluating ripeness, the court must consider the "fitness of the issues for review and the hardship to the parties of withholding consideration." <u>Id.</u>  <u>See also</u> <u>Toilet Goods Ass'n v. Gardner</u>, 387 U.S. 158 (1967); <u>Municipality</u> <u>of Anchorage v. United States</u>, 980 F.2d 1320, 1323 (9th Cir. 1992).

**B.   Analysis (§ 3624(c)).**

Petitioner's § 3624(c) claims are essentially twofold: (1) through its rules, the BOP refuses to consider inmates for twelve month's pre-release RRC placement, despite the amendment of § 3624(c) increasing RRC eligibility from six months to twelve; and (2) the BOP is using § 3624(c) to limit RRC placements to the final portion of an inmate's sentence, instead of considering RRC transfer requests at earlier points under its broad discretionary power under § 3621(b).

With respect to petitioner's claims that the BOP refuses to consider inmates for twelve months RRC time, I conclude they are not ripe.  Petitioner appears to concede that he has not received pre-release RRC placement review under the October 2008 regulations, the April 14 Memorandum, or Program Statement

7310.04, implementing § 3624(c), because two years remain before
his projected release date.  A review of the record demonstrates
that these rules have not been applied to petitioner in a
concrete and particularized way.  Because petitioner is not
presently entitled to an RRC assessment under § 3624(c), he has
not demonstrated a specific present objective harm or a specific
future harm.  Indeed, his projected release date is tentative, as
some intervening event may impact when he receives that review.
Bova, 564 F.3d at 1097-98; Thompson v. Smith, 2008 WL 1734495, *4
(April 11, 2008), adopted in full, 2008 WL 1970318 (E.D.Cal. May
5, 2008)(inmate's claim challenging Program Statement 7310.04 and
demanding an immediate assessment for RRC placement not ripe);
Aquilar v. Woodring, 2008 WL 4375757 (C.D.Cal. August 25,
2008)(inmate's claims challenging the validity of 28 C.F.R. §§
570.20-21 not ripe and inmate lacked standing).  See also Griffin
v. Holt, 2008 WL 5348138 (M.D.Pa. Dec. 17, 2008) (inmate lacked
standing to challenge BOP RRC policy).  Because the BOP's rules
regarding pre-release RRC placement under § 3624(c) have not been
applied to him, his claims are not ripe and he lacks standing at
this time.

      With respect to petitioner's claims that the BOP is using
§ 3624(c) as a temporal restriction, his claims are likewise not
ripe.  In an effort to demonstrate that these claims are ripe,
petitioner cites to a statement by Lisa Austin, which provides
that petitioner "would be an unlikely candidate for direct RRC

10 - OPINION AND ORDER

placement considering he was sentenced to over five (5) years imprisonment." (Response to Amended Petition (#35), Declaration of Lisa Austin, Exh. 1.)  Ms. Austin, however, was the Operations Manager who made petitioner's *initial* designation in 2006 to CI-Taft.  A review of that affidavit in full demonstrates that Ms. Austin was explaining why petitioner was *not* placed directly into an RRC upon his initial designation in 2006.  Even under the broadest reading of his amended petition, it is clear that petitioner is not challenging his initial designation in the current proceeding, and thus the above statement does not support a conclusion that the BOP is applying § 3624(c) as a temporal limitation on RRC transfer requests under § 3621(b).

Petitioner specifically challenges the November 14, 2008 Memorandum, arguing that the BOP is using that memorandum to limit RRC placements to six months.  The November 14 Memorandum, issued in response to the SCA, offers guidance to BOP staff for considering and responding to requests for RRC transfers when more than twelve months remain prior to an inmate's projected release date.  However, it is unclear whether that memorandum has been applied to petitioner.

A careful review of the record before this court reveals that a transfer occurred in October 2007 when petitioner was moved from CI-Taft to FCI-Sheridan due to health concerns.  A Program Review occurred on October 5, 2007, at which time a staff member indicated that RRC placement would be considered closer to

his projected release date.  Clearly the November 2008 Memorandum
did not apply during the October 2007 Program Review.

Another reference relating to RRC placement is contained in
an Inmate Skills Development Plan dated April 13, 2009.  That
document shows that RRC placement was not recommended at that
time.  Although the ISD plan post-dates the November 14, 2008
Memorandum, it is unclear from that document whether petitioner
requested an RRC placement at that time, or whether the BOP
responded to any alleged request.  The scarcity of evidence is
compounded by petitioner's failure to allege in his amended
petition the particular dates when he requested RRC transfers.
Petitioner only alleges that his "request for transfer to
community confinement under § 3621(b) would not be considered
until he was closer to release."  (Amended Petition ¶ 3.3, Docket
# 20.)  Thus, there simply is not sufficient evidence in the
record for this court to determine whether the November 14
Memorandum has been applied to petitioner.

Without a sufficient factual record upon which to determine
the parties' actions under § 3624(c), any decision by this court
would be unreliable at this time.  The BOP's rules, including the
November 14 Memorandum, were issued in response to prior
litigation.  Due to the shifting legal landscape, it is clear
this court's decision will be on firmer legal footing by waiting
for an actual application of these policies.  Although resolution
of these issues is undoubtedly important to petitioner, this

court can discern no irremedial adverse consequences from requiring a later challenge following the BOP's actual application of the policies, especially given that petitioner is not eligible for review pursuant to § 3624(c) until sometime in 2010 at the earliest. <u>Toilet Goods</u>, 387 U.S. at 164; <u>Association of Am. Med. Colleges v. United States</u>, 217 F.3d 770, 784 (9th Cir. 2000); <u>Anchorage</u>, 980 F.2d at 1326. Thus, I conclude that petitioner's challenges to the October 2008 regulations, the April 14 Memorandum, the November 14 Memorandum, and Program Statement 7310.04 are not ripe at this time.

**C.   Petitioner's § 3621(b) Claim is Ripe.**

Petitioner has asserted an injury and alleges a specific present harm under § 3621(b). Petitioner contends that he has been injured by the BOP's refusal to consider him for RRC placement under the BOP's discretionary authority under § 3621(b). Petitioner's initial petition focused solely upon this claim, and broadly construing petitioner's amended petition, his generalized claim that the BOP has refused to consider his request for transfer to community confinement under § 3621(b) is ripe for review. (Amended Petition, #20, ¶ 3.3.)

**III. <u>Petitioner's Alleged Transfer Request Pursuant to § 3621(b) Is Not Exhausted</u>.**

In his initial petition, petitioner conceded that he has not exhausted his claim under § 3621(b), but asserted that exhaustion was futile. Respondent asserted exhaustion as an affirmative defense in its response to petitioner's initial writ of habeas

corpus.  In the amended petition, petitioner gives very little
attention to this claim, concentrating instead upon the § 3624(c)
claims.  Because the § 3621(b) claim was the focus of the initial
petition, this court has broadly construed the parties'
arguments.  In so doing, I conclude that exhaustion has been
adequately raised as a defense.

In light of Rodriquez v. Smith and the BOP's November 14,
2008 Memorandum issued to staff pertaining to RRC requests in
situations such as petitioner's, and the scant evidentiary record
before this court, I will require exhaustion of this claim, as it
does not appear futile.  Martinez v. Roberts, 804 F.2d 570, 571
(9th Cir. 1986).  Exhaustion appears especially important in this
case where developments have occurred since the filing of the
initial petition indicating that the BOP may have changed course.
Fields v. Woodring, 2008 WL 4911872, *6 (C.D.Cal. Nov. 14,
2008)(requiring inmate to exhaust his claims pertaining to the
BOP's post-Second Chance Act policies); Sims v. Woodring, 2008 WL
4830031 (C.D.Cal. Nov. 5, 2008)(same).

However, as discussed below, even if this court were to
address the merits of petitioner's sole remaining claim, habeas
corpus relief is not warranted.

IV.  **Petitioner's § 3621(b) Claim**.

According to Petitioner, the BOP categorically refuses to
consider RRC transfer requests brought pursuant to § 3621(b).
Petitioner asserts that following the Ninth Circuit's decision in

<u>Rodriguez</u>, the BOP may not refuse to consider his request for RRC placement pursuant to § 3621(b) based simply upon the length of time he has remaining on his sentence.

In <u>Rodriguez</u>, the court invalidated the BOP's 2005 regulations, 28 C.F.R. §§ 570.20-21 (repealed), which prohibited placing inmates in RRCs until they had served 90 percent of their sentences.  At that time, in promulgating the 2005 regulations, the BOP was exercising its discretion to categorically limit RRC time to the shorter of the final ten percent or six months.  <u>Id.</u> at 1183.  In <u>Rodriguez</u>, the BOP argued that the 2005 regulations were valid based upon § 3624(c)(2000), which limited RRC placement to six months.  The <u>Rodriguez</u> court recognized that the BOP had an affirmative duty to consider placing inmates in RRCs toward the end of their terms under § 3624(c), but that its duty under that statute did not "interfere with the BOP's authority to consider such placement prior to the last ten percent of the prison term." <u>Id.</u> at 1185, <u>citing</u> <u>Wedlestedt v. Wiley</u>, 477 F.3d 1160, 1166 (10th Cir. 2007).  Thus, the court ruled that the BOP's discretion under § 3621(b) is separate and distinct from the BOP's obligation under § 3624(c).

The <u>Rodriguez</u> court also determined that consideration of the five factors in § 3621(b) was mandatory in all placement decisions, including those placements made pursuant to § 3624(c). <u>Id.</u> at 1187.  Thus, the court determined the 2005 regulations which categorically eliminated consideration of the five factors

for those inmates seeking earlier RRC placement under § 3621(b)
were invalid.   The Ninth Circuit held:

> Because the BOP [2005] regulations categorically
> exclude CCC placement of inmates with more than ten
> percent of their sentences remaining, they necessarily
> fail to apply the mandatory factors listed in § 3621(b)
> to those inmates.  This failure to consider the five
> statutory factors when considering eligibility for
> placement in or transfer to an RRC violates Congress'
> clear intent that each of these factors be applied in
> making inmate transfer or placement determinations[.]"
> <u>Id.</u>

Thus, as the parties agree, <u>Rodriquez</u> requires consideration of
the five factors in § 3621(b) when the BOP is making transfer
decisions.  <u>Id.</u> at 1187; <u>e.g.</u>, <u>Levine</u>, 455 F.3d at 85; <u>Woodall</u>,
432 F.3d at 247.

Petitioner reads <u>Rodriquez</u> to impose an affirmative duty
upon the BOP to consider inmate transfers to RRCs under § 3621(b)
at any time an inmate so requests.  I disagree.  <u>See</u> <u>Berry v.
Sanders</u>, 2009 WL 789890, *5 (C.D.Cal. March 20, 2009)(stating
that post-<u>Rodriquez</u>, the BOP may exercise its discretion under
§ 3621(b) to place an inmate in an RRC, but the BOP is not
obligated to do so); <u>Stockton v. Adler</u>, 2008 WL 5136133 (E.D.Cal.
Dec. 8, 2008), <u>adopted in full</u>, 2009 WL 188145 (E.D.Cal. Jan. 23,
2009)(inmate has no statutory right to immediate assessment or
transfer under § 3621(b)); <u>Comito v. Federal Bureau of Prisons</u>,
2008 WL 850216 *6 (E.D.Cal. March 28, 2008), <u>adopted</u> 2008 WL
2219976 (E.D.Cal. May 27, 2008)(same).  <u>See also</u> <u>Hattrick v.
Daniels</u>, 2008 WL 1818423 (D.Or. April 21, 2008)(inmates have no

constitutional right to a transfer and BOP has sole discretion to designate inmates).

Petitioner's position confuses the BOP's *duty* to consider placing an inmate in an RRC under § 3624(c) with the BOP's broad *discretionary* transfer authority under § 3621(b). Additionally, petitioner's interpretation could potentially create an unworkable situation for the BOP, requiring it to analyze such requests under § 3621(b) at an inmate's whim. See Miller v. Whitehead, 527 F.3d 752, 757 (8th Cir. 2008)(an inmate is not "entitled to a full-blown analysis of a transfer, involving individualized consideration of all five factors in § 3621(b), whenever the inmate chooses to make such a request"); Muniz v. Sabol, 517 F.3d 29, 36 n.14 (1st Cir.), cert. denied, 129 S. Ct. 1180 (2008)(§ 3621(b) does not require individualized consideration until the BOP has decided to exercise its discretion to transfer an inmate). I decline to infer such an intent. But see Woodall, 432 F.3d at 250 (five factors of § 3621(b) "must be considered in making determinations regarding where to initially place an inmate, as well as whether *or not* to transfer him")(emphasis in original); Fults v. Sanders, 442 F.3d 1088, 1092 (8th Cir. 2006)("A BOP decision not to transfer an inmate . . . requires the same consideration of the § 3621(b) factors as does the decision to transfer an inmate to a CCC.")[2]

---

[2]Admittedly, it appears that the BOP has imposed upon itself the workable solution not addressed in the Rodriguez decision by issuing the November 14 Memorandum. Under that memorandum,

In sum, I conclude that petitioner lacks standing to challenge the BOP's rules under § 3624(c). I further conclude that habeas corpus relief is not warranted on petitioner's claims under § 3621(b) on the record before me.

### CONCLUSION

Based on the foregoing, petitioner's amended petition for writ of habeas corpus (#20) is DENIED, and this proceeding is DISMISSED without prejudice.

IT IS SO ORDERED.

DATED this  30_ day of June, 2009.


_/s/  Malcolm F. Marsh_____
Malcolm F. Marsh
United States District Judge

---

transfer requests may not be automatically denied, but rather are to be given individualized consideration, pursuant to § 3621(b) and Program Statement 5100.08, at the inmate's next Program Review.  (Response to Amended Petition,#35, Exh. 6, p.2.)  But, as discussed above, the record before this court is devoid factually of its application to petitioner and I decline to address those arguments at this time.